UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN ROLON,

Plaintiff,

v. Case No: 6:23-cv-361-JSS-DCI

HOME DEPOT U.S.A., INC.,

Defendant.
___________________________________/

**ORDER**

Defendant Home Depot U.S.A., Inc. moves for entry of final summary judgment pursuant to Federal Rule of Civil Procedure 56. (Motion, Dkt. 28.) Plaintiff opposes the Motion. (Response, Dkt. 31.) For the reasons set forth below, Defendant's Motion is denied.

**BACKGROUND**

Plaintiff brought this action against Defendant in Florida state court for negligence after Plaintiff allegedly tripped and fell in one of Defendant's home improvement retail stores. (Dkt. 1-1.) Defendant answered Plaintiff's complaint in state court and asserted various affirmative defenses, including that the cause of Plaintiff's damages was open and obvious, and that Defendant had insufficient notice of the alleged hazards. (Dkt. 1-3.) On February 28, 2023, Defendant removed the action to this court pursuant to this court's diversity jurisdiction. (Dkt. 1.) Defendant now moves for summary judgment and asserts that there are no genuine issues of

material fact and it is entitled to judgment as a matter of law. (Dkt. 28.) Before the court are Defendant's Motion (Dkt. 28), Plaintiff's Response (Dkt. 31), Defendant's reply (Dkt. 32), and the parties' Stipulation of Agreed Material Facts (Dkt. 27).

## APPLICABLE STANDARDS

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a 'court may decide a motion for summary judgment without undertaking an independent search of the record.'") (quoting Fed. R. Civ. P. 56(c)(3) advisory committee's note to 2010 amendment).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC, Ltd.*, 703 F. App'x at 816–17 ("Presenting [ ] arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court.") (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990)). In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

Defendant argues that it is entitled to summary judgment under Florida's open and obvious doctrine and Florida's Transient Foreign Substances Act, section 768.0755 of the Florida Statutes. (Dkt. 28.) Plaintiff responds that material questions of fact preclude summary judgment on both issues. (Dkt. 31.) Upon consideration, the court agrees with Plaintiff and summary judgment is denied.

### A. Undisputed Factual Background

The following facts are taken from the parties' Stipulation of Agreed Material Facts filed in connection with Defendant's Motion for Summary Judgment. (Dkt. 27.) On August 8, 2021, Plaintiff visited Defendant's store located at 2601 West Vine Street, Kissimmee, Florida to purchase some tiles and cinderblocks. (*Id.* ¶¶ 2–3.) During his visit to the store, Plaintiff was walking down a well-lit aisle looking towards the right upper part of the aisle, where Defendant had a tile display located above eye-level. (*Id.* ¶ 4, 6.) "Plaintiff stopped when he found the tile he was looking for and took a step back to get a better view." (*Id.*) As Plaintiff stepped back, his foot caught on a wooden pallet that had tiles on it, which caused him to trip and fall. (*Id.*) Plaintiff does not know how long the pallet had been there prior to his fall. (*Id.* ¶ 7.) After the fall, Plaintiff took a photograph of the pallet in the aisle, which the parties do not dispute. (*Id.* ¶ 5.)




### B. Open and Obvious Doctrine

Sitting in diversity jurisdiction, the court applies Florida substantive law to Plaintiff's negligence claim. *See Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). To establish a negligence claim under Florida law, a plaintiff must establish: "(1) the defendant owed a duty, or obligation, recognized by the law, requiring the [defendant] to

conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) the defendant failed to conform to that duty; (3) there is [a] reasonably close causal connection between the [nonconforming] conduct and the resulting injury to the claimant; and (4) some actual harm." *Id.* at 1169 (quoting *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007)) (internal quotations omitted).

Under Florida's premises liability doctrine, "a business invitee, is defined as 'one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises.'" *Seaberg v. Steak N' Shake Operations, Inc.*, 154 F. Supp. 3d 1294, 1299 (M.D. Fla. 2015) (citing *Post v. Lunney*, 261 So. 2d 146, 148 (Fla. 1972)), *aff'd,* 697 F. App'x 941 (11th Cir. 2017). A business, such as Defendant, owes the highest duty of care to a business invitee: "(1) a duty to use reasonable care in keeping and maintaining premises in a reasonably safe manner; and (2) a duty to warn of concealed perils that are known, or should be known to the property owner, and which are unknown to the invitee and cannot be discovered through the exercise of due care." *Id.* (citing *Krol v. City of Orlando*, 778 So. 2d 490 (Fla. 5th DCA 2001)); *see also Hruska v. On The Edge Dockside LLC*, No. 20-10774, 2022 WL 1284253, at *2 (11th Cir. Apr. 29, 2022) (citing *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004)). However, under Florida's open and obvious doctrine, two types of obvious conditions will not constitute a breach of a premises owner's duty to maintain the premises in a reasonably safe condition: "1) where the condition is so 'open and obvious and not inherently dangerous'; or 2) where the condition may be dangerous, but is 'so open and obvious that an invitee may be

reasonably expected to discover them to protect himself.'" *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017) (citing *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (5th DCA 2012)). "[T]he open and obvious nature of a condition may preclude a finding of a breach of either duty, as a matter of law." *Id.*; *Kozlowski v. Wal-Mart Stores E., LP*, No. 5:21-cv-261-ACC-PRL, 2023 WL 4350567, at *6 (M.D. Fla. May 19, 2023) ("In Florida, if an alleged danger is open and obvious enough, it does not consist of a dangerous condition as a matter of law.") (quoting *Ugaz v. American Airlines, Inc.*, 576 F. Supp. 2d 1354, 1371 (S.D. Fla. 2008)). "The test for application of the doctrine 'is not whether the object is obvious, but whether the dangerous condition of the object is obvious.'" *Pratus v. Marzucco's Constr. & Coatings, Inc.*, 310 So. 3d 146, 149 (Fla. 2d DCA 2021) (quoting *De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013)) To determine whether the open and obvious doctrine applies to preclude liability, the court must "consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition." *Id.* (citing *Greene v. Twistee Treat USA, LLC*, 302 So. 3d 481, 483–84 (Fla. 2d DCA 2020) ("[T]he open-and-obvious-condition principle 'is certainly not a fixed rule, and all of the circumstances must be taken into account.'")).

Defendant argues that the pallet over which Plaintiff tripped was so open and obvious to be not inherently dangerous and that Plaintiff should have reasonably observed the pallet and protected himself from any danger. (Dkt. 28 at 3–16.) According to Defendant, "Plaintiff's fall was solely attributable to his own failure to watch where he was going and consequent failure to observe the patently open and

obvious nature of his surroundings, and not any alleged negligence of the Defendant." (Dkt. 28 at 3–16.) Plaintiff responds that material issues of fact preclude summary judgment and argues that "[b]ased on the totality of the circumstances, [Plaintiff] was not able to discern, appreciate, or identify the pallet until it was too late." (Dkt. 31 at 10.) Upon consideration of the evidence presented by the parties, material issues of fact preclude summary judgment on this issue.

In support of its argument, Defendant relies on Plaintiff's photograph of the pallet taken after the fall and Plaintiff's deposition testimony in which he stated that he was not looking at the ground while walking down the aisle, and was stepping backwards at the time he tripped over the pallet. (Dkt. 27 ¶ 5; Dkt. 28-1 at 58:8–20, 64:7–66:24, 137:1–8.) However, as Plaintiff notes, he also testified at his deposition that as he was moving down the aisle he was looking up towards his right where Defendant displayed its tiles "on the wall, over [his] head, over six feet tall[.]" (Dkt. 28-1 at 56:3–15.) Plaintiff further testified that "[t]here was some merchandise blocking [his] view towards the pallet" and that he "never saw the pallet of tile until [he] got off of it [because] [a] display case was obstructing [his] view." (*Id.* at 60:11–22; 65:14–67:14.) Plaintiff has also presented photographs of the aisle that appear to show a "wingstack" merchandise display that could have at least partially obstructed Plaintiff's view of the pallet as he was walking down the aisle. (Dkt. 31-1.) Plaintiff also relies on the testimony of Defendant's store manager, who testified that "empty pallets could be potentially a trip hazard because there's nothing on them," that employees are allowed to work on a pallet in the store "as long as there's no shrink

wrap dangling around," and that a pallet in the aisle could be a "safety issue." (Dkt. 31-2 at 27:8–19; 73:5–9.)

Considering all the facts and circumstances of the incident and drawing all reasonable inferences in Plaintiff's favor, a material issue of fact exists as to whether the dangerous condition of the pallet was so open and obvious so as to preclude Defendant's liability. Specifically, a reasonable jury could find that the dangerous condition of the pallet was not open and obvious because of the tile displays drawing customers' eyes above shoulder-height, the low height of the pallet holding only some merchandise and shrink wrap, and the placement of other merchandise that may have obscured the pallet from view. *See, e.g.*, *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (finding genuine dispute of material fact as to whether danger associated with chair in walkway was open and obvious where plaintiff testified that "she was forced to follow behind her husband due to the layout of the chairs and the narrowness of the walkway"); *Arango v. Costco Wholesale Corp.*, No. 8:20-cv-939-MSS-TGW, 2021 WL 4935789, at *2 (M.D. Fla. July 30, 2021) ("[A] reasonable jury could conclude that the 'dangerous condition' in this case—the placement of a flatbed cart in a position that obscured where the aisle ended and the draping of the corner of the flatbed to obscure its presence entirely—was not 'open and obvious.'") (citing *Pratus v. Marzucco's Constr. & Coatings, Inc.*, 310 So. 3d 146, 149 (Fla. 2d DCA 2021)). Moreover, "a reasonable jury could conclude that 'as a general rule, adult shoppers do not focus on the floor of a store aisle' while navigating a store." *Arango*, 2021 WL 4935789, at *2 (quoting *Moultrie v. Consol. Stores Int'l Corp.*, 764 So. 2d 637, 639–40 (Fla. 1st DCA

2000)); *Peuser v. Wal-Mart Stores E., LP*, No. 6:19-cv-2098-JA-GJK, 2021 WL 1752063, at *3 (M.D. Fla. May 4, 2021) (Plaintiff "testified in her deposition that she did not pay attention to the wheels on the rack as she was looking at the top shelf where the plant she fancied was on display. This case, like most negligence cases, is replete with issues of fact that must be resolved by a jury.") (citing *Harrell v. Beall's Dep't Store, Inc.*, 614 So. 2d 1142, 1143 (Fla. 2d DCA 1993)).

Defendant relies largely on the First District Court of Appeal's decision in *Brookie v. Winn-Dixie Stores, Inc.* to argue that the open and obvious nature of the pallet requires the entry of summary judgment in its favor. (Dkt. 28 at 4–7 (citing 213 So. 3d 1129).) However, in *Brookie*, the plaintiff "**admitted** that he saw the empty pallet when he exited the store and took four more steps before tripping over it." *Brookie*, 213 So. 3d at 1131 (emphasis in original); *see Elliott v. Magic Burgers, LLC*, 591 F. Supp. 3d 1226, 1231–32 (M.D. Fla. 2022) ("*Brookie* focuses on the fact that the plaintiff had actual knowledge of the pallet and failed to use his own senses to avoid the observed condition. . . . Plaintiff testified that she did not see the raised concrete in the walkway, and therefore, it is not apparent that Plaintiff could have easily used her own senses to avoid it."). Here, Plaintiff testified that he had not seen nor was he aware of the pallet prior to tripping over it because of the various circumstances surrounding its placement. *See* (Dkt. 28-1 at 60:11–22; 65:14–67:14.) Thus, material issues of fact preclude summary judgment based on the open and obvious doctrine. *See, e.g.*, *Moultrie*, 764 So. 2d at 639–40 ("The height of the pallet was such that it might not fall

within the line of vision of adult invitees who entered the Big Lots Store to purchase items placed on counters and shelves."); *Arango*, 2021 WL 4935789, at *2; *Elliott*, 591 F. Supp. 3d at 1231–32; *cf. Jackson v. Holiday Cvs, LLC*, No. 5:19-cv-566-JSM-PRL, 2020 WL 13368701, at *2–3 (M.D. Fla. Sept. 3, 2020) ("The fact that Plaintiff repeatedly walked around the pallet demonstrates she saw it and knew it was there, that it was open and obvious—not just in general, but to her specifically—and that she knew how to navigate around it safely.").

**C. Lack of Constructive Notice under Florida's Transient Foreign Substance Act**

Defendant also argues that it is entitled to summary judgment under section 768.0755 of Florida's Transient Foreign Substances Act because it did not have notice of the pallet before Plaintiff fell. (Dkt. 28 at 17–25.) Plaintiff responds that he has presented sufficient evidence from which a jury could find that Defendant had either actual or constructive notice of the pallet sufficient to preclude summary judgment. (Dkt. 31 at 16–20.) The court agrees with Plaintiff.

Under section 768.0755 of the Florida Statutes, in order to establish negligence after a slip and fall on a transitory substance in a business establishment, "the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). A "transitory foreign substance" is "any liquid or solid substance, item or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001) (citing *Black's Law Dictionary* 660

(7th ed. 1999). "Actual knowledge of a dangerous condition exists when a business's employee or agent 'knows of or creates' the dangerous condition." *Deakins v. Wal-Mart Stores E., LP*, No. 22-10993, 2024 WL 413452, at *2 (11th Cir. Feb. 5, 2024) (quoting *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001)). Constructive knowledge may be established by circumstantial evidence that either "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(a)–(b).

Upon consideration, Plaintiff has presented sufficient evidence from which a jury could infer that it had either actual or constructive notice of the pallet over which Plaintiff tripped. With respect to actual notice, Plaintiff presented the testimony of Defendant's assistant manager Adam Perez, in which Mr. Perez testified that merchandise that is stored overhead is shrink-wrapped and can only be accessed by store employees. (Dkt. 31-3 at 33:18–34:2.) Specifically, Mr. Perez testified that "[i]f a customer needs something that's on the overhead, [store employees] would have to go in there with the machine and bring it down." (*Id.* at 33:25–34:2.) The photographs of the pallet show some merchandise partially wrapped in shrink wrap, indicating that the pallet was previously located in the overhead storage area that was only accessible to Defendant's employees. *See* (Dkt. 31-1; Dkt. 27 ¶ 5.) According to Mr. Perez, the pallet would therefore have had to have been moved to the ground and placed in the aisle by one of Defendant's employees acting within the scope of their employment.

From these facts, a reasonable jury could infer that Defendant had actual notice of the pallet in the aisle. *See Deakins*, 2024 WL 413452, at *2; *Ellis v. Fam. Dollar Stores of Fla., LLC*, No. 6:21-cv-218-PGB-EJK, 2023 WL 3225048, at *3 (M.D. Fla. May 3, 2023) ("The evidence is such that a reasonable jury could find the Defendant created the spill by mishandling the box containing the liquid detergent and therefore had actual knowledge of the spill."); *Burns v. Target Corp.*, No. 8:20-cv-1775-MSS-AEP, 2022 WL 1619546, at *3 (M.D. Fla. Mar. 11, 2022) ("[T]aking the evidence in the light most favorable to the Plaintiff, a reasonable jury could determine that [employee] was the source of the hazardous condition. If she was, then Target is deemed by law to have had 'actual knowledge' of the condition.").

With respect to constructive knowledge, Plaintiff has presented sufficient evidence to create a triable issue of fact as to whether pallets in the aisles occurred with such regularity as to be foreseeable under section 768.0755.[1] *See Pussinen v. Target Corp.*, 731 F. App'x 936, 939 (11th Cir. 2018) (plaintiff must "present evidence that the condition leading to [his] fall 'occurred with regularity.'"). For instance, Ms. Bloomfield testified at her deposition that Defendant's store "is a warehouse environment and associates are working on pallets throughout the day." (Dkt. 31-2 at 27:12–15.) Mr. Perez further testified that overhead merchandise is accessed by store employees throughout the day and moved to the floor at the request of customers. (Dkt. 31-3 at 32:6–9, 33:18–34:2.) Store employees were further trained on removing

[1] Plaintiff does not argue that the condition existed for such a time that Defendant should have known it existed. *See* (Dkt. 31 at 18–20.)

pallets, and shrink wrap and plastic straps removed from pallets from the store aisles that could create a tripping hazard for customers. (*Id.* at 35:14–19, 44:2–45:12.)

Constructive knowledge may be inferred from an employer's policies regarding a known dangerous condition or an employee's knowledge as to the frequency at which the dangerous condition occurs. *See Doudeau v. Target Corp.*, 572 F. App'x 970, 972 (11th Cir. 2014) (defendant had constructive knowledge of dangerous condition where employee testified that area "was a known slip and fall area when it rained"); *Bloome v. United States*, No. 6:19-cv-486-Orl-37GJK, 2021 WL 720436, at *2 (M.D. Fla. Jan. 12, 2021) ("[T]he existence of an internal policy requiring 'rubber mats or all-weather mats at entrance to the facility, including lobby areas, when inclement weather develops' suggests Defendant was on notice that its lobby floors are slippery on rainy days."); *Ellis*, 2023 WL 3225048, at *3 ("The Defendant's failure to properly staff the store, and the lax approach to conducting routine inspections, combined with the frequency of spills, could cause a reasonable jury to find the spill and subsequent accident were foreseeable."). Drawing all reasonable inferences in his favor, Plaintiff has presented sufficient evidence from which a jury could infer Defendant's constructive knowledge and summary judgment must be denied. *See, e.g.*, *Eddings v. Target Corp.*, No. 8:22-cv-02060-KKM-AEP, 2024 WL 414529, at *6 (M.D. Fla. Feb. 5, 2024) (denying summary judgment where viewing evidence in light most favorable to slip-and-fall plaintiff, "a reasonable jury could find that the phenomenon of unopened bags being distributed to customers and then ending up on the floor was a regularly occurring and foreseeable hazard") (citing *Feris v. Club Country of Fort Walton*

*Beach, Inc.*, 138 So. 3d 531, 532–35 (Fla. 1st DCA 2014) (reversing grant of summary judgment in the light of witness testimony and contemporaneous evidence suggesting that patrons regularly spilled drinks on the dance floor and that there were drinks on the floor the night of the incident)); *Shipman v. CP Sanibel, LLC*, No. 2:18-cv-139-FtM-29-UAM, 2019 WL 2301599, at *3 (M.D. Fla. May 30, 2019) (denying summary judgment where "evidence in this case could support an inference that water on the Lounge floor 'occurred with such frequency that [Defendant] should have known of its existence.'").

## CONCLUSION

Accordingly, and for the reasons discussed above, Defendant's Motion for Final Summary Judgment (Dkt. 28) is **DENIED**.

**ORDERED** in Orlando, Florida, on June 25, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record